UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                 **Case No. 8:10-CR-448-T-27EAJ**

**MARK T. WATSON**
_____/

## ORDER

Before the Court is Counsel's "Consolidated (1) Motion for Hearing Pursuant to Federal Rule of Criminal Procedure 44(a); (2) Objections to Magistrate's Order Dated May 24, 2011; and (3) Renewed Motion to Withdraw as Trial Counsel" (Dkt. 47). Counsel raises numerous arguments, most of which are immaterial.[1] The only relevant question is whether the Magistrate Judge erred in denying the motion to withdraw, that is, whether the Magistrate's determination is clearly erroneous or contrary to law. Following an independent review of the record, including the objections, and having conducted a *de novo* determination, this Court is left with a firm conviction that the Magistrate did not err. Notwithstanding, the renewed motion to withdraw will be GRANTED.

### Discussion

Defendant retained attorney Ramon de la Cabada, paying him a flat fee of $ 85,000. Although he neglects to attach the retainer agreement to his affidavit, de la Cabada avers that the agreement "specifically excludes appeals as part of the representation because I am a trial attorney and not

---

[1] Contrary to counsel's contention, there was nothing "illegal" about the referral of the post-judgment motion to withdraw. Any such contention is frivolous. The motion was properly referred to the Magistrate under the catch-all provision of 28 U.S.C. § 636(b)(3), which provides for the assignment of "such additional duties as are not inconsistent with the Constitution and laws of the United States."

Moreover, there is no "conflict of interest" in counsel representing Defendant on appeal, as de la Cabada avers in his affidavit. This claim of conflict evidences a fundamental misunderstanding of counsel's responsibility in representing a criminal defendant on appeal, where counsel discerns no meritorious issue to raise on appeal. In that circumstance, if, after reviewing the record, counsel determines that there is no merit to the appeal, counsel is obligated to file a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and thereafter move to withdraw.

experienced as an appellate attorney." (Dkt. S-3, p. 2, ¶ 4). Following sentencing, de la Cabada did fulfill his responsibility to preserve Defendant's appellate right by filing a notice of appeal. Defendant was subsequently granted leave to proceed as an indigent. At the same time, de la Cabada moved to withdraw, arguing that he had only contracted to represent Defendant through sentencing.

The motion was referred to the Magistrate, who directed de la Cabada to submit an affidavit for *in camera* review, as required by the Eleventh Circuit Plan under the Criminal Justice Act. Specifically, Addendum Four of the Eleventh Circuit Rules, § (d)(2) provides:

> Unless approved in advance by this court, the district court is not authorized to appoint counsel on appeal to represent a defendant who was represented in the district court by retained counsel without first conducting an *in camera* review of the financial circumstances of the defendant and of the fee arrangements between the defendant and retained trial counsel.

In accordance with the Magistrate's direction, de la Cabada submitted his affidavit (Dkt. S-1), a supplemental affidavit (Dkt. S-3), and a financial affidavit from Defendant (Dkt. 39).

After reviewing the supplemental affidavit (Dkt. S-3), the Magistrate denied the motion to withdraw, concluding that de la Cabada had received a significant fee from Defendant and, notwithstanding counsel's estimate of the time devoted to the case, the court file reflected minimal activity in representing Defendant. The Magistrate therefore determined it to be appropriate for counsel to continue to represent Defendant on appeal. After a *de novo* review, this court cannot disagree with the Magistrate, considering the fee counsel received and his "guess" that he expended "between 150 and 225 hours" representing Defendant (Dkt. S-3, ¶ 1(c)).

De la Cabada objects that the order fails to account for time which he spent before criminal charges were filed, including investigating, conferring with federal law enforcement and the Office of the United States Attorney, and attempting to resolve the matter without the filing of criminal

charges. Additionally, de la Cabada avers, without supporting documentation, that certain expenses he incurred were not reimbursed by the client. While this Court does not doubt that counsel expended considerable time consistent with the services described, he has not documented that time with contemporaneous time sheets. A significant amount of the services counsel provided are not supported by the record, consistent with the Magistrate's finding.

De la Cabada further objects that the order fails to consider that the retainer agreement excluded appeals. As noted, the agreement is not part of the record. Notwithstanding, it is of no consequence, considering Addendum Four of the Eleventh Circuit Rules, § (d)(2) and counsel's obligation to continue to represent his client until successor counsel appears or is appointed. Accordingly, the Magistrate did not err in concluding that the $ 85,000 flat fee was sufficient to require counsel to continue representing his client on appeal. Her factual findings are supported by the record and her conclusions are not clearly erroneous. In sum, de la Cabada received a significant fee. His client waived Indictment, pleaded guilty pursuant to a plea agreement and was sentenced four months after being formally charged. Requiring counsel to continue that representation on appeal, particularly considering the appeal waiver clause in the plea agreement, would be appropriate, notwithstanding that the fee arrangement excluded appeals.[2]

Notwithstanding, this Court will *sua sponte* relieve counsel from further responsibility in this cause. Counsel expressly professes a lack of experience in appellate matters. He is not a member of the Middle District's CJA panel, is not admitted to practice in the Eleventh Circuit, and "has never

---

[2] This Court agrees with the Magistrate that the fee counsel received is sufficient to warrant a continuation of representation on appeal, considering the record. As noted, Defendant pleaded guilty pursuant to a plea agreement which included an appeal waiver clause. It is likely that counsel's appellate responsibility would be limited to a review of the change of plea and sentencing hearing, and the preparation of an *Anders* brief. Notwithstanding counsel's professed lack of experience in appellate matters, this relatively routine appellate responsibility should be easily accomplished by any attorney who undertakes to represent clients in federal criminal matters. The time required to perform those tasks would likely be little more than the time counsel has apparently spent trying to withdraw from representing a client who paid him a significant fee.

handled a federal criminal appeal since becoming a member of the Florida Bar in the year 1991." (Dkt. 47, p. 10). Although none of these concerns prevents counsel from seeking to appear *pro hac vice* on appeal and performing effectively on appeal, it is apparent that this Court and certainly Defendant will have little faith in an attorney who has expended so much effort to withdraw from representation and who has effectively admitted an inability and unwillingness to represent clients in federal appellate matters.[3]

## Conclusion

Accordingly, the Magistrate's order denying the motion to withdraw (Dkt. 41) is APPROVED. Notwithstanding, the renewed motion to withdraw (Dkt. 47) is GRANTED. Counsel is permitted to withdraw following the appearance by successor counsel or the appointment of CJA counsel. *See* Eleventh Circuit Rules, Addendum Four § (d)(2). The appointment of a CJA panel attorney to represent Defendant on appeal is REFERRED to the Magistrate.

**DONE AND ORDERED** this 27th day of June, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Clerk, Eleventh Circuit Court of Appeals

---

[3] This is regrettable in this Court's view. One would hope that counsel would reconsider the value of gaining appellate experience in the federal courts, particularly if counsel intends to represent others charged with federal criminal offenses.